UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YVETTE FELARCA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT J. BIRGENEAU, *et al.*, <br><br> Defendants. | Case No. 11-cv-5719 YGR <br><br> ORDER DENYING MOTION TO DISMISS CLAIM OF FALSE ARREST AGAINST DEFENDANT GEORGE HALLETT |

Defendant George Hallett ("Hallett") filed his motion to dismiss the Third Count of Plaintiffs' Second Amended Complaint ("SAC") on July 11, 2013. (Dkt. No. 161.) No timely opposition having been filed to the motion, the Court issued an order on August 9, 2013, requiring Plaintiffs to serve and opposition no later than August 14, 2013, which they did. (Dkt. No. 170.) Hallett filed no reply.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, Hallett's Motion to Dismiss Claim of False Arrest is **DENIED**.[1]

Hallett argues that the false arrest claim against him should be dismissed for two reasons: (1) the allegations are insufficient to state a claim that Hallett "seized" any of the identified plaintiffs; and (2) the SAC does not allege that facts to show that the identified plaintiffs' arrests were without probable cause or justification.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **September 10, 2013**.

To allege a claim under the Fourth Amendment for the unlawful "seizure" of a false arrest, the SAC must allege facts showing that the defendant "by means of physical force or show of authority ... in some way restrained the liberty of" the identified plaintiffs. *Graham v. Connor,* 490 U.S. 386, 395, n. 10 (1989) (citing *Terry v. Ohio,* 392 U.S. 1, 19, n. 16 (1968) and *Brower v. County of lnyo,* 489 U.S. 593, 596 (1989)). "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964-965 (9th Cir. 2001).

Plaintiffs assert a claim of false arrest in violation of the Fourth Amendment for damages against Hallett. The SAC states that Hallett was the "arresting officer" for the plaintiffs alleging false arrest. (SAC ¶¶ 149, 277, 312, 392, 414.) They allege that they were arrested and falsely imprisoned by Hallett. (SAC ¶ 462.) Further, they allege, with respect to the propriety of the arrest, that they were not camping or violating any laws or regulations, had not heard any order to leave, and were physically unable to leave the scene. (SAC ¶¶ 463-64.) These allegations are sufficient to state a claim for false arrest in violation of the Fourth Amendment against Hallett.

Accordingly, the motion is **DENIED**. Hallett shall file his answer to the SAC no later than October 8, 2013.

This Order terminates Docket No. 161.

**IT IS SO ORDERED**.

Date: September 6, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**