UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **YVETTE FELARCA**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**ROBERT J. BIRGENEAU**, *et al.*,<br><br>Defendants. | Case No. 11-cv-5719 YGR<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIM OF FALSE ARREST AGAINST LIEUTENANT MARC DECOULODE** |

Defendant Lieutenant Marc DeCoulode ("DeCoulode") filed his motion to dismiss the Third Count of Plaintiffs' Second Amended Complaint on July 15, 2013 (Dkt. No. 164.) No timely opposition having been filed to the motion, the Court issued an order on August 9, 2013, requiring Plaintiffs to serve and opposition no later than August 14, 2013, which they did. (Dkt. No. 170.) DeCoulode then filed his reply on August 21, 2013. (Dkt. No. 172.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, DeCoulode's Motion to Dismiss Claim of False Arrest is **GRANTED WITHOUT LEAVE TO AMEND** on the grounds that the Second Amended Complaint ("SAC"), Count Three, fails to allege facts sufficient to state a claim for False Arrest in Violation of the Fourth Amendment against him.[1]

Plaintiffs seek to assert a claim of false arrest in violation of the Fourth Amendment for

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **September 10, 2013**.

damages against DeCoulode in his individual capacity under 42 U.S.C. § 1983. The only allegations against DeCoulode are that he "grabbed [Plaintiff Taro Yamaguchi-Phillips'] hair and slammed him to the ground." (SAC ¶ 412.) The SAC goes on to allege that "police" handcuffed Yamaguchi-Phillips and led him to the basement of Sproul Hall. (SAC ¶ 413.) Nowhere in Count Three or elsewhere in the SAC do Plaintiffs allege that DeCoulode arrested any Plaintiff. Indeed, there is no indication in the SAC that Count Three is meant to be stated against DeCoulode.

In granting plaintiffs leave to amend certain of their claims, the Court admonished Plaintiffs to identify their claims against "specific defendant(s)" for each "specific cause of action." (Feb. 22, 2013 Tentative Order on Motion to Dismiss, Doc. No. 99 ("Order on First MTD"), at 13:10-11.) Plaintiffs filed a motion for leave to amend (Dkt. No. 105), in part to add DeCoulode as a defendant. In the motion for leave to amend, DeCoulode is mentioned only as recently identified by Plaintiffs to be "one of the officers who committed excessive force against plaintiff Taro Yamaguchi-Phillips." (*Id.* at 2:24-3:2.) Plaintiffs made no mention of stating a false arrest claim against DeCoulode, specifying only that they sought to add a false arrest claim against Defendants Tejada and Hallett. (*Id.* at 2:23-3:9.)

In the SAC, the false arrest claim itself recites that "Officer George Hallett and other officers of the UCPD and ACSO arrested and falsely imprisoned" five of the plaintiffs. (SAC ¶ 461.) It does not mention DeCoulode or even specify that Yamaguchi-Phillips' false arrest involved more than one person.

Thus, Plaintiffs neither obtained leave of this Court to add a claim, nor succeeded in pleading a claim, for false arrest against DeCoulode. Leaving aside the fact that no leave was obtained, the SAC does not allege facts showing that DeCoulode committed or is otherwise responsible for any false arrest. *Jones v. Williams*, 297 F.3d 920, 934 (9th Cir. 2002). An actionable claim for false arrest requires "plead[ing] facts that would show [DeCoulode] ordered or otherwise procured the arrests and the arrests were without probable cause." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012). In order for DeCoulode to be liable,

Plaintiffs must allege and demonstrate that he "personally participated" in the unlawful conduct. *Jones*, 297 F.3d at 936.

Plaintiffs' theory, expressed in opposition but not pleaded in the SAC, appears to be that DeCoulode's alleged conduct of throwing Yamaguchi-Phillips to the ground "started the arrest" and that DeCoulode "very likely" also handcuffed him (although Yamaguchi-Phillips apparently was handcuffed behind his back while he was face down and presumably could not see the person handcuffing him). Plaintiffs argue, but have not alleged, that Yamaguchi-Phillips was handcuffed "immediately" after he was thrown to the ground. Opposition, Doc. 170, at 2:17-19. Plaintiffs allege no facts that would connect the timing of the alleged use of excessive force with Yamaguchi-Phillips' arrest. Further, they allege no authority supporting their "starting the arrest" theory other than a citation for the general proposition that a "seizure" begins when, "in view of all the circumstances surrounding an incident, a reasonable person would have believed that he or she was not free to leave." *U.S. v. Mendenhall*, 446 US 544, 554 (1980).

Plaintiffs cannot rely on theories untethered to any facts in the complaint, or facts not actually pleaded in the complaint. Accordingly, DeCoulode's Motion to Dismiss Claim of False Arrest is **GRANTED WITHOUT LEAVE TO AMEND**.[2] Should Plaintiffs ascertain sufficient facts to state a claim for false arrest against DeCoulode, they may file a motion for leave to amend specifically setting forth the allegations they seek to add to the complaint and the authorities supporting liability based on such allegations.

This Order terminates Docket No. 164.

**IT IS SO ORDERED**.

Date: September 6, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] In light of the lack of allegations to support a claim that DeCoulode falsely arrested any plaintiff, the Court declines to reach the issues of probable cause or qualified immunity raised in DeCoulode's motion.