UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YVETTE FELARCA**, *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>**ROBERT J. BIRGENEAU**, *et al.*,<br><br>       Defendants. | Case No.: 4:11-cv-05719-YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANTS OFFICER CHAVEZ, OFFICER GARCIA, OFFICER KING AND OFFICER OBICHERE TO DISMISS COUNT THREE OF PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants Officer Chavez, Officer Garcia, Officer King and Officer Obichere (collectively the "ACSO Defendants") filed their motion to dismiss the Third Count of Plaintiffs' Second Amended Complaint on May 25, 2013. (Dkt. No. 121.) The parties filed a stipulation to extend the time for Plaintiffs to file their opposition to the motion on June 11, 2013. (Dkt. No. 155.) The Court granted the request to extend time and Plaintiffs' opposition was due no later than June 14, 2013. (Dkt. No. 158.) Plaintiffs filed no opposition by that time, nor have they filed an opposition as of the date of this Order.

After reviewing the moving papers, and for good cause shown, Defendants' Motion is **GRANTED WITHOUT LEAVE TO AMEND** on the grounds that the Second Amended Complaint, Count Three, fails to allege facts sufficient to state a claim for False Arrest in Violation of the Fourth Amendment against the ACSO Defendants.[1]

Plaintiffs F. Alvarado-Rosas, J. Klinger, A. Morreale, S. Wagaarachchi and T. Yamaguchi-Phillips allege that they were arrested and falsely imprisoned by Defendant Officer George Hallett

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **September 10, 2013**.

and "other officers of the UCPD and ACSO" during a second police raid in the evening.  (SAC ¶461-462.)  Plaintiffs' SAC does not allege facts that connect the ACSO Defendants to the arrests.  Generalized allegations that "other ACSO officers arrested and falsely imprisoned" plaintiffs fail to state claims for false arrest and/or false imprisonment against any ACSO Defendant.

Moreover, Plaintiffs' specific allegations contradict their generalized allegation of false arrest against the ACSO Defendants.  Plaintiffs do not allege that the ACSO Defendants are identified as arresting officers but instead allege that defendant UCPD Officer George Hallett is listed as the arresting officer.  (SAC ¶¶ 61, 149, 277, 312, 392 and 414.)

The ACSO Defendants cannot be held liable without allegations of individual participation in the unlawful conduct.  *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002). Thus, this claim against the ACSO Defendant is not plausible on its face, and no reasonable inferences of liability may be drawn.

## CONCLUSION

For the reasons stated above, the motion of Defendants Officer Chavez, Officer Garcia, Officer King and Officer Obichere to dismiss Count Three (False Arrest) is **GRANTED WITHOUT LEAVE TO AMEND**.

This order terminates Docket No. 121.

**IT IS SO ORDERED.**

Dated: September 6, 2013

_____
**YVONNE GONZALEZ ROGERS**
United States District Judge

2