**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **YVETTE FELARCA**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**ROBERT J. BIRGENEAU**, *et al.*,<br><br>Defendants. | Case No.: 11-CV-5719 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS CLAIMS AGAINST DEFENDANT LIEUTENANT ERIC TEJADA WITHOUT LEAVE TO AMEND** |

Defendant Eric Tejada filed his motion to dismiss claims against him in Plaintiffs' Second Amended Complaint ("SAC") on July 11, 2013. (Dkt. No. 162.) No timely opposition having been filed to the motion, the Court issued an order on August 9, 2013, requiring Plaintiffs to serve and opposition no later than August 14, 2013, which they did. (Dkt. No. 169.) Tejada filed his reply on August 21, 2013. (Dkt. No. 171.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, Tejada's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs do not oppose the dismissal of their First Amendment-based claim against Tejada (Oppo., Dkt. No. 169, 2:1-3) and the motion is therefore **GRANTED WITHOUT LEAVE TO AMEND** as to that claim. However, Plaintiffs have pleaded sufficient allegations to support their claim for Tejada's liability for false arrest and excessive force in violation of the Fourth Amendment as a supervisor, and the motion as to that claim is **DENIED**.

The allegations of Plaintiffs' Second Amended Complaint are summarized in the Court's Order on the UC Administrators' Motion to Dismiss, filed this date, and the Court will not repeat them here except as necessary to the discussion.

In his Motion to Dismiss, Tejada argues that claims for violation of Plaintiffs' Fourth

Amendment rights against him should be dismissed for two reasons: (1) the allegations are insufficient to state a claim that he is liable individually in a supervisory capacity for violations of 42 U.S.C. § 1983; and (2) the doctrine of qualified immunity bars damages claims against Tejada for his supervisory position over University police. Defendants argue that Plaintiffs have alleged only that Tejada was part of a "chain of command" rather than alleging any individual involvement or facts connecting his actions to constitutional violations.

Because Plaintiffs have not alleged that Tejada did not carry out directly the alleged false arrests or use of force, Plaintiffs must allege facts to establish a basis for his liability as a supervisor. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, *supra*, 556 U.S. at 677. "Supervisors may not be held liable under § 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior." *Moss,* 711 F.3d at 967 (citing *Iqbal*, 566 U.S. at 677). Since vicarious liability is inapplicable to Section 1983 suits, plaintiffs must plead that each defendant, through his or her individual actions, has violated the Constitution. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit has held that supervisors may be held liable in a Section 1983 action if there was "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989). Specifically, the Ninth Circuit has held that supervisors may be liable:

> (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others."

*Moss,* 711 F.3d at 967 (internal citations omitted).

Plaintiffs added claims against Tejada for the first time in the SAC. Plaintiffs allege that Tejada ordered police to attack peaceful protesters without lawful authority, and planned for, ordered or concurred in the police attack against peaceful protesters. (SAC ¶¶ 3, 6.) They allege

that Tejada was part of a chain of command through which orders came, on the afternoon of November 9, 2011, from Birgeneau, Breslauer, and Celaya to "attack[] students, pushing with the broad side of their batons, jabbing students with the ends of their batons in students' stomachs, chests, ribs, legs, backs, and groins, using overhand strikes and headlocks, and yanking people out by their hair and arresting them." (SAC ¶¶ 86, 91.) The Court agrees that these allegations are conclusory and that, standing alone, they would not be sufficient to allege a claim against Tejada.

However, Plaintiffs further allege that Tejada was the immediate commanding officer for the police sergeants and officers on November 9, 2011, and was present in the thick of the crowd during the evening of the protest. On November 9, 2011, around 9:00 p.m., Tejada made an announcement through a small bullhorn, which Plaintiffs allege was barely audible to the police and the crowd. Tejada told the crowd that camping was unlawful and they must "put down the tents now." (SAC ¶ 108.) Tejada did not give the crowd a ten-minute warning but instead ordered police to disperse and arrest members of the crowd. (SAC ¶ 12, 108, 461.) Plaintiffs allege that Tejada ordered police to march forward, beat people, and make arrests. (SAC ¶ 109.)

These more specific allegations against Tejada, and the reasonable inferences arising therefrom, establish a sufficient causal connection between his conduct and the alleged false arrests and use of excessive force. *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989). Tejada is alleged to have been in the crowd, giving commands. The allegations indicate that he was or should have been was aware of the actions of the police officers around him, including the alleged use of batons, overhead strikes, headlocks and other tactics. Tejada's orders to the crowd and the officers, as well as his failure to stop the alleged unconstitutional conduct of the officers physically present, are sufficient to state a plausible basis for his liability under a theory of "setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury." *Moss,* 711 F.3d at 967.

Tejada further argues that, even if the allegations here are sufficient to state constitutional violations, they should be dismissed under the qualified immunity doctrine. Government officials

3

are immune from civil suits for damages unless (a) plaintiffs allege facts that make out a violation of a constitutional right and (b) the right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232-33 (2009); *Moss*, 711 F.3d at 957. Where a Section 1983 claim is brought against a supervising official, *Iqbal* requires a court applying the second prong of the qualified immunity analysis to consider whether, in light of the facts that have been alleged, it would be clear to a reasonable supervisor that his or her own conduct was unlawful in the situation he or she confronted. *Chavez v. United States*, 683 F.3d 1102, 1110 (9th Cir. 2012).

Here, Plaintiffs have pleaded sufficient facts to avoid a qualified immunity bar of their claims at the pleading stage. As stated above, the allegations are sufficient to allege a constitutional violation by Tejada. Looking to the second prong of the analysis, the allegations here are sufficient to establish that the constitutional violation was clearly established at the time. It is well established that government officials may not use excessive force, or make arrests without probable cause under circumstances similar to this. *See Graham v. Conner,* 490 U.S. 386, 396; *Moss,* 711 F.3d at 966. Consequently, it would have been clear to a reasonable supervisor that setting in motion actions of the police officers on the scene, or refusing to stop the acts of the police officers, which Tejada knew or reasonably should have known under the circumstances alleged would result in use of excessive force and false arrest, was a constitutional violation. *Baca*, 652 F.3d at 1207; *Moss*, 711 F.3d at 967.

Accordingly, the Motion to Dismiss Defendant Eric Tejada is **GRANTED** as to Plaintiffs' First Count based upon a First Amendment violation and **DENIED** as to Plaintiffs' Second and Third Counts based upon Fourth Amendment violations.

Tejada shall file his answer to the SAC no later than February 11, 2014.

This Order terminates Docket No. 162.

**IT IS SO ORDERED**.

Date: January 17, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4