UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YVETTE FELARCA, et al.,
        Plaintiffs,

v.

ROBERT J. BIRGENEAU, et al.,
        Defendants.

Case No. 11-cv-05719-YGR (KAW)

ORDER REGARDING SETTLEMENT CONFERENCE STATEMENTS AND PERSONAL ATTENDANCE AT 9/26/14 SETTLEMENT CONFERENCE

Defendants have filed a number of administrative motions for relief to be excused from personal attendance at the September 26, 2014 settlement conference. (*See* Dkt. Nos. 233, 236, 237, 248.)

**I.　PERSONAL ATTENDANCE**

As an initial matter, all individuals who have authority to settle this lawsuit must be present. Given the large number of plaintiffs and defendants in this case, and the piecemeal nature in which the motions for administrative relief were filed, all pending requests to be excused are DENIED without prejudice.

In light of the number of parties involved in this litigation, and the improbability of identifying a date where all parties are available, the Court orders as follows:

1.　Generally, all parties, including law enforcement personnel, who were directly involved in the incident(s) will be required to personally appear. If personal attendance is not possible, the individual seeking relief may submit a new request to be excused from personal attendance. Lead counsel for the plaintiffs and lead counsel for each set of defendants shall file one administrative motion for relief to excuse personal attendance on behalf of all of his/her clients requiring such relief on or before **September 17, 2014**. Each motion shall clearly identify

all represented individuals requesting relief from personal attendance and those who will be attending the settlement conference.  It shall also contain the factual allegations pertaining to each individual party seeking to be excused from personally attending, including citations to the third amended complaint, and the reason why the individual cannot attend.  Declarations from each individual party seeking relief must be attached as a tabbed exhibit to their counsel's respective motion for administrative relief and contain the following:

    a.  The factual basis of the party's alleged involvement in this case.

    b.  Why the party cannot attend.

    c.  Identify the individual or attorney who has full authority to settle the action on his/her behalf.

    d.  Explicitly state that the party understands that he/she will not be consulted during the settlement conference, via telephone or otherwise, and waives the right to approve any settlement that may be agreed to on his/her behalf.  Any party who does not wish to delegate full settlement authority to a representative who will be present at the settlement conference, must attend the settlement conference personally.

    e.  Signature: The declaration may contain an electronic signature for the purposes of filing, but a declaration with an original signature must be provided to the Court prior to the settlement conference as described below.

2.    Each administrative motion shall be accompanied by a proposed order that lists all individuals requesting relief in a check box format, so that the Court may excuse the attendance of some or all of the parties.  The proposed order must clearly state that relief is conditioned upon the receipt of an original signature on or before September 25, 2014.

3.    The parties shall furnish chambers copies of the declarations to the Court, with an original signature (photocopy/fax transmission is acceptable so long as counsel certifies that he/she has a copy of the original signature or that it is in transit; electronic signature is not acceptable), at least one day prior to the settlement conference.  If the hard copies of the declarations (electronic filing is insufficient) are not received by the Clerk's office by **12:00 p.m.**

**on September 25, 2014**, the order granting the request will be rescinded and personal attendance will be required.

4. Defendants shall contact Courtroom Deputy Susan Imbriani at (510) 637-3525 no later than **September 19, 2014 at 12:00 p.m.** to advise whether each set of defendants, represented by the three respective law firms, require separate rooms for the settlement conference.

5. On or before **September 24, 2014 at 12:00 p.m.**, all parties shall advise Ms. Imbriani as to how many people (attorneys, parties, and representatives of government agencies and/or insurance careers, if applicable) will be in attendance at the settlement conference.

## II.   SETTLEMENT CONFERENCE STATEMENTS

Plaintiffs may collectively lodge one settlement conference statement and one optional, confidential letter. They need not lodge 22 individual letters.

Each set of defendants, represented by the three respective law firms, shall lodge one settlement conference statement and one optional, confidential letter.

Given the large number of individuals involved in this litigation, the parties are encouraged to clearly identify all remaining parties and their alleged involvement in this litigation in their respective statements. Accordingly, the length of the parties' settlement conference statements shall not exceed 15, rather than 10, pages.

Lastly, the parties are reminded that their settlement conference statements must be lodged (do not file) on **September 19, 2014**. Chambers copies must be received by 4:00 p.m., and copies must also be emailed in accordance with the Court's Settlement Conference Standing Order (available at *http://cand.uscourts.gov/kaworders*).

IT IS SO ORDERED.

Dated: September 11, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge