1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                        NORTHERN DISTRICT OF CALIFORNIA

8

9   **YVETTE FELARCA, ET AL.,**                    Case No.  11-cv-05719-YGR

                        Plaintiffs,
10                                                  **ORDER GRANTING MOTIONS TO DISMISS;**
                     v.                            **DENYING MOTION FOR LEAVE TO AMEND**
11
                                                    Re: Dkt. Nos. 264, 282, 283, 285, 287, 302
    **ROBERT J. BIRGENEAU, ET AL.,**
12
                        Defendants.
13

14          Plaintiffs Yvette Felarca, et al. bring(s) this action under 42 U.S.C. § 1983, alleging claims

15   for First Amendment and Fourth amendment violations against defendants.  Currently pending

16   before the Court are motions to dismiss filed by:

17          (1) Defendants Captain Madigan or Sergeant Rodrigues of the Alameda County Sheriff's

18   Office (ACSO) (Dkt. No. 264);

19          (2) Defendants UCPD Officers Brashear, Jewell, Kasiske, Rodrick, Suezaki, Tucker and J.

20   Williams (Dkt. No. 283);

21          (3) Defendants UCPD Officers Odyniec, Tinney and Wong (Dkt. No. 285); and

22          (4) Defendant Dan Mogulof, the Executive Director for Public Affairs of the University of

23   California, Berkeley (Dkt. No. 282).

24          Also pending before the Court is plaintiffs' Motion for Leave to File Amended Complaint,

25   which seeks to add new claims and allegations to their Third Amended Complaint.  (Dkt. No.

26   287.)

27          And, finally, defendants DeCoulode, Roderick, Suezaki, Tucker, and J. Williams have a

28   filed a motion to seal Exhibit C to the Declaration of Janine L. Scancarelli in Support of

1    Defendants' Opposition to Plaintiffs' Motion for Leave to Amend the Third Amended Complaint.

2    (Dkt. No. 302.)

3            Having carefully considered the papers submitted and the pleadings in this action, and the

4    arguments of counsel, the Court **ORDERS** as follows:

5            (1) The motion to dismiss of Defendants Madigan and Rodrigues is **GRANTED IN PART**

6    **AND DENIED IN PART** as follows:  the motion is **GRANTED** as to the excessive force and false

7    arrest claims against Madigan and the false arrest claim against Rodrigues.  The motion is **DENIED**

8    as to the excessive force claim against Rodrigues.

9            (2) The motion to dismiss of Defendant UCPD Officers Brashear, Jewell, Kasiske,

10   Rodrick, Suezaki, Tucker and J. Williams is **DENIED IN PART** as to the excessive force claim

11   against Tucker only, **GRANTED IN PART** against defendants Kasiske, Roderick, and Suezaki for

12   failure to allege plausible claims, and **GRANTED IN PART** against defendants Brashear, J.

13   Williams, and Jewell as barred by the statute of limitations.

14           (3) The motion to dismiss of Defendant UCPD Officers Odyniec, Tinney, and Wong is

15   **GRANTED** on statute of limitations grounds.

16           (4) The motion to dismiss of Mogulof is **GRANTED WITHOUT LEAVE TO AMEND** as

17   unopposed.

18           (5) Plaintiffs' Motion for Leave to File Amended Complaint is **DENIED**.

19           (6) Defendants' motion to seal is **GRANTED**.

20   The reasons follow.

21                              **BACKGROUND**

22           As detailed by the Court in its previous orders, this lawsuit arises from incidents that took

23   place on November 9, 2011, near Sproul Hall on the campus of the University of California at

24   Berkeley ("UCB").  (*See* Order Denying In Part and Granting In Part Motion to Dismiss Claims

25   Against UC Administrators, Dkt. No. 197, filed January 17, 2014; Plaintiffs' Third Amended

26   Complaint, Dkt. No. 217 ["TAC"] ¶ 3.)  Plaintiffs allege that they were beaten by police officers,

27   falsely arrested, and subjected to viewpoint discrimination on account of the message of their

28   protest.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Moving defendants Madigan and Rodrigues are alleged to be police officers employed by

2    the Alameda County Sheriff's Department.  (TAC ¶¶ 77, 78.)  Moving defendants Brashear,

3    Jewell, Kasiske, Roderick, Suezaki, Tucker and J. Williams are alleged by plaintiffs to be police

4    officers employed by the University of California Police Department.  (*Id.* ¶¶ 63, 66, 67, 68, 69,

5    70, 71.)  Defendants Odyniec, Tinney, and Wong are likewise alleged to be officers of UCPD.

6    (TAC ¶¶ 73, 74, 75.)  Plaintiffs filed this case in November 2011, alleging various causes of action

7    against UCB administrators and police officers.  Defendants Brashear, Jewell, Kasiske, Roderick,

8    Suezaki, Tucker, J. Williams, Odyniec, Tinney, and Wong were not named as defendants in the

9    original complaint.

10    Approximately six months later, after a review of documents produced by the University

11    of California in response to Public Records Act requests, plaintiffs filed their First Amended

12    Complaint ("FAC") in May 2012.  (Dkt. No. 11.)  Those ten UCPD officers were not named as

13    defendants in the FAC.  (*See* FAC ¶¶ 61, 63, 65, 69.  In October 2012, in opposition to a motion to

14    dismiss the FAC, plaintiffs stated:

15          With the benefit of the UC public records response, the plaintiffs can now
16          determine that the following UCB officers were also present and
           participating in the use of excessive force on November 9: Sergeant
17          Williams (No. 14); Ofc. Miller (No. 32); Cpl. Brashear (No. 47); Ofc. B.
           Tinney (No. 63); T. Zuniga (No. 73); Ofc. Odyniec (No. 79); Ofc. Wong
18          (No. 88).  Additionally, through analysis of videos, plaintiffs have
           identified Sergeant Jewell (No. 26) of the UCPD as one of the officers
19          who committed false arrest against plaintiff Julie Klinger.

20    (Plaintiffs' Oppo., Dkt. No. 67, filed October 23, 2012, at 2 n.1.)  The Court granted the motion to

21    dismiss in part with leave to amend or to seek leave to amend on particular claims.  (Order

22    Entering Tentative Ruling on Defendants Motions to Dismiss As Order of Court, Dkt. No. 101,

23    filed February 25, 2013.)

24    Plaintiffs were granted leave to amend to add certain claims (Dkt. No. 110), and filed their

25    Second Amended Complaint ("SAC") on May 10, 2013.  (Dkt. No. 111.)  In the SAC, plaintiffs

26    did not assert claims against any of the officers they identified to the Court as being "present and

27    participating in the use of excessive force" or having "committed false arrest" against plaintiffs or

28    seek to substitute them for previously named Doe defendants.  Around that same time, in a joint

3

case management statement submitted by the parties, plaintiffs expressly stated that they did not intend to amend the pleadings to add any new defendants. (May 29, 2013 Joint Case Management Statement, Dkt. No. 122, at 3.)

## MOTIONS TO DISMISS

### I.    APPLICABLE STANDARDS

#### A.    SUPERVISOR LIABILITY UNDER SECTION 1983

In a section 1983 action like the one at bar, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, *supra*, 556 U.S. at 677. "Supervisors may not be held liable under [section] 1983 for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior." *Moss v. U.S. Secret Service*, 711 F.3d 941, 967 (9th Cir. 2012) *rev'd on other grounds sub nom. Wood v. Moss*, 134 S.Ct. 2056 (2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).  Since vicarious liability is inapplicable to section 1983 suits, plaintiffs must plead that each defendant, through his or her individual actions, has violated the Constitution.  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).  The Ninth Circuit has held that supervisors may be held liable in a section 1983 action if there was "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989).  Specifically, the Ninth Circuit has held that supervisors may be liable:

> (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others."

*Moss,* 711 F.3d at 967 (internal citations omitted).

#### B.    STATUTE OF LIMITATIONS AND RELATION BACK

Section 1983 claims do not have their own statute of limitations but instead borrow the personal injury statute of limitations for the forum state, as well as the forum state's law with respect to tolling and relation back. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citing, among others, *Canatella v. Van De Kamp,* 486 F.3d 1128,

1   1132 (9th Cir.2007) and *Wilson v. Garcia,* 471 U.S. 261, 279–80 (1985).  California's statute of

2   limitations for personal injury actions is two years.  Cal. Code Civ. Proc. § 335.1.

3          In determining whether a claim asserted after that two-year period relates back to the filing

4   of prior complaint, the Court must "consider both federal and state law and employ whichever

5   affords the 'more permissive' relation back standard."  *Butler*, 766 F.3d at 1201.  Rule 15 of the

6   Federal Rules of Civil Procedure governs amendment of pleadings and requires that leave be

7   freely and liberally given whenever justice requires.  Fed.R.Civ.P. 15; *Morongo Band of Mission*

8   *Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990).  Under Rule 15, "[a]n amendment to a

9   pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows
> relation back;
> (B) the amendment asserts a claim or defense that arose out of the
> conduct, transaction, or occurrence set out—or attempted to be set out—in
> the original pleading; or
> (C) the amendment changes the party or the naming of the party against
> whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the
> period provided by Rule 4(m) for serving the summons and complaint, the
> party to be brought in by amendment:
>      (i) received such notice of the action that it will not be prejudiced
> in defending on the merits; and
>      (ii) knew or should have known that the action would have been
> brought against it, but for a mistake concerning the proper party's identity.

18  Fed.R.Civ.P. 15(c)(1).  The requirements in (C)(i) and (ii) must have been fulfilled within 120

19  days after the original complaint is filed, as prescribed by Federal Rule of Civil Procedure 4(m).

20  *Butler*, 766 F.3d at 1202 (citing *Hogan v. Fischer,* 738 F.3d 509, 517 (2d Cir. 2013) (indicating

21  that standard is met when "'the second and third criteria are fulfilled within 120 days of the filing

22  of the original complaint, and ... the original complaint [was] filed within the limitations

23  period'")).

24          California Code of Civil Procedure section 473(a)(1), which governs amendment of

25  pleadings, does not expressly permit relation back of amendments.  California courts have held

26  that section 473(a)(1) "does not authorize the addition of a party for the first time whom the

27  plaintiff failed to name in the first instance."  *Kerr–McGee Chem. Corp. v. Superior Ct.,* 160

28  Cal.App.3d 594, 598 (1984).  However, "where an amendment does not add a 'new' defendant,

5

but simply corrects a misnomer by which an 'old' defendant was sued, case law recognizes an exception to the general rule of no relation back." *Hawkins v. Pac. Coast Bldg. Prods., Inc.,* 124 Cal.App.4th 1497, 1503 (2004) (citing *Kerr-McGee* and others). Thus, section 474 of the California Code of Civil Procedure allows plaintiffs to substitute a fictional "Doe" defendant in a lawsuit with a named defendant, so long as the plaintiff was unaware of the defendant's true identity at the time the prior complaint was filed. A plaintiff who names a Doe defendant in his complaint and alleges that the true name is unknown has three years from the commencement of the action within with to discover the identity of the defendant and amend the complaint. *Lindley v. General Elec. Co.*, 780 F.2d 797, 799 (9th Cir. 1986). Thus, the key consideration for federal Rule 15 is what the *prospective defendant* knew or should have known during the 120 day after the complaint was filed and served. *Krupski v. Costa Grociere S. p. A.,* 560 U.S. 538, 548 (2010). The plaintiffs' knowledge of the defendant's identity is "relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* By contrast, under the California rule, it is *plaintiff's* lack of knowledge of the identity of the defendant that is determinative.

## II.   ANALYSIS

### A.   MOTION TO DISMISS ACSO CAPTAIN MADIGAN AND SERGEANT RODRIGUES

Plaintiffs allege that "Lieutenant Madigan, and defendant Sergeant Rodrigues ordered the police to attack peaceful protesters." (TAC ¶ 3.) They allege Madigan was the Alameda County Sheriff's Office (ACSO) commander over all ACSO officers at UC Berkeley at the time of the events alleged in the complaint. (TAC ¶77.) They further allege that Rodrigues is a police officer with the ACSO. (TAC ¶78.) The allegations against Madigan and Rodrigues largely consist of descriptions of the conduct of *other* officers, along with allegations that those other officers were acting under the command of Rodrigues and/or Madigan. (*See* TAC ¶¶ 19, 77, 103, 122, 140, 141, 330, 359, 370, 424, 444, 447, 449, 452, 456, 458, 459, 463 [Madigan]; ¶¶ 120, 143, 195, 264, 293, 359, 370, 380, 424, 444, 445, 452, 458, 459 [Rodrigues].)

As the Court previously made clear in its order concerning plaintiffs' allegations against defendant Tejada, simply alleging that these ACSO officers were part of a chain of command is

1   too conclusory and insufficient to state a claim.  (*See* Dkt. No. 198 at 2-3.)  While the Court found

2   that the allegations against Tejada went beyond mere conclusions, the same cannot be said of the

3   allegations against Madigan in the TAC.  Unlike the allegations against Tejada, the allegations do

4   not put Madigan at the scene or "in the thick of the crowd," plaintiffs' statements to the contrary in

5   their opposition brief notwithstanding.  There are no allegations that Madigan made any

6   announcements to the crowd, or that he was actually aware of what was happening on the ground.

7   Instead, the allegations simply state that other officers at the scene acted "under the command of,"

8   "under the field command of," or "under orders from" Madigan.  These allegations are insufficient

9   to allege Madigan set in motion, knowingly refused to terminate, or acquiesced in any excessive

10  force or false arrest conduct committed by those alleged to be under his command.  The mere

11  addition of the single word "field" as the qualifier of the word "command" does not change the

12  analysis.

13          The majority of the allegations against defendant Rodrigues are similarly conclusory and

14  general.  However, plaintiffs also allege that Rodrigues, along with defendant Miceli, "jabbed Mr.

15  Anderson forcefully and repeatedly with their batons at least seven times." (TAC ¶206.)  These

16  more specific facts are sufficient to allege a claim for excessive force against Rodrigues.  They are

17  also sufficient to raise a plausible inference that he was at the scene and aware of the conduct of

18  other officers over whom he exercised a supervisory role.  Plaintiffs concede they are not asserting

19  a false arrest claim against Rodrigues.  (Oppo., Dkt. No. 299, at 5.)

20          Based on the foregoing, the motion to dismiss is **GRANTED** as to the excessive force and

21  false arrest claims against Madigan and the false arrest claim against Rodrigues.  However, the

22  motion is **DENIED** as to the excessive force claim against Rodrigues, which plaintiffs sufficiently

23  alleged.  Because plaintiffs have been granted leave to amend on multiple prior occasions, no

24  leave to amend is given.

### B.    MOTION TO DISMISS UCPD OFFICERS BRASHEAR, JEWELL, KASISKE, RODRICK, SUEZAKI, TUCKER, AND WILLIAMS

27  Defendants Brashear, Jewell, Kasiske, Roderick, Suezaki, Tucker and J. Williams move to

28  dismiss, arguing that: (1) the claims against them are time-barred and not saved by Doe defendant

pleading or relation back; (2) plaintiffs have not alleged facts to state a plausible claim for excessive force, false arrest, or violation of First Amendment rights; and (3) qualified immunity bars the claims. Each of these defendants was named for the first time in the Third Amended Complaint, nearly three years after the incident that gave rise to the allegations, and filing of the original complaint, in November 2011.

### 1. Roderick

Roderick is alleged to be liable for false arrest and excessive force based upon his position as a commanding officer.[1] He is also alleged to be liable for a First Amendment violation for his role as a commanding officer. The TAC alleges that Roderick, on the morning of November 9, 2011, "briefed defendant UCPD police officers" (TAC ¶ 103), briefed UCPD and ACSO again at about 3:10 pm (TAC ¶ 119), and then gave another strategic briefing at around 8:30 pm. (TAC ¶ 141.) While there are numerous other allegations against Roderick, they are all limited in their substance to alleging that other officers on the scene were under his command. (TAC ¶¶ 3, 63, 120, 122, 140, 143, 163, 186, 195, 203, 206, 214, 215, 217, 219, 223, 224, 234, 243, 251, 258, 264, 276, 281, 283, 288, 293, 307, 316, 324, 326, 330, 334, 348, 359, 370, 374, 380, 381, 383, 387, 398, 410, 424, 434, 442-449, 451-63, 470.) None of the allegations indicates that Roderick was actually at the scene.[2]

The Court finds that the allegations are insufficient to state a claim against Roderick. A generalized allegation that Roderick had a "field command" role and "ordered" officers to disperse

---

[1] The claims asserted in the TAC against Roderick are for excessive force, false arrest, and First Amendment violation. The claims in the TAC against Suezaki are for excessive force and false arrest only.

[2] The nearest the TAC comes to even raising an inference that Roderick was at the scene is in paragraph 470, which alleges:

> During a second police raid in the evening, defendant Lieutenant Eric Tejada admonished the crowd for "camping" through a small bullhorn that was barely audible to the police and the crowd. He gave no ten-minute warning. Defendants Chief Celaya, *Captain Roderick*, Lieutenant Madigan, Lieutenant Tejada, and Lieutenant DeCoulode *then ordered* police to disperse and arrest members of the crowd.

(TAC ¶ 470, emphasis supplied.)

United States District Court
Northern District of California

and arrest members of the crowd is not sufficient to state a claim that he was on the scene, participating, or observing the other officers who are alleged to have hit, beaten, or arrested any of the plaintiffs.  Unlike the allegations against the UC Administrators, plaintiffs here have not alleged facts sufficient to infer that Roderick was aware of any injuries to protestors, or to the use of batons causing such injuries, before he briefed any officers about how to conduct themselves in the evening.  (*Cf.* Order Denying In Part and Granting In Part Motion to Dismiss Claims Against UC Administrators, Dkt. No. 197, at 8:11-10:4, citing portions of SAC.)  Certainly, it is alleged that Roderick briefed the police officers in how to respond to the protest in the afternoon, and then again later in the evening.  However, there are no allegations that he did so with awareness of any officers' use of batons earlier or of any injuries to protestors.

The Court cannot simply assume facts not alleged, nor fill in the blanks for plaintiffs, particularly given that this is their fourth attempt to plead their claims.  The motion to dismiss as to Roderick is, therefore, **GRANTED**.

### 2.     *Suezaki*

The only allegations against Suezaki are that other officers who plaintiffs allege engaged in the use of excessive force were acting under Suezaki's "field command."  (TAC ¶¶ 3, 67, 120, 122, 324, 326.)  As with Roderick, the allegations of holding a "field command" position are insufficient to state a claim against Suezaki.  Indeed, the allegations against Suezaki are, if anything, more conclusory as to his role and participation than those against Roderick.  The motion to dismiss as to Suezaki is, therefore, **GRANTED**.

### 3.     *Brashear, Williams, and Jewell*

Defendants Brashear, Williams, and Jewell are alleged to have violated certain plaintiffs' rights by actions constituting excessive force (Brashear and Williams) and false arrest (Jewell).[3]

---

[3] Plaintiffs allege that Brashear: beat plaintiff Joshua Anderson with his baton repeatedly, continuing to hit him after he had falling to the ground; jabbed plaintiff Tombolesi in the ribs and chest, even after Tombolesi had fallen to the ground; and jabbed plaintiff Uribe with the tip of his baton repeatedly.  (TAC ¶¶ 70, 217, 373, 374, 381, 445, 459, 460.)
*(cont'd...)*

United States District Court
Northern District of California

1    Defendants argue that the claims are time-barred since these defendants were not named as until

2    the filing of the Third Amended Complaint on July 11, 2014, long past the running of the

3    applicable two-year statute of limitations.

4          In opposition, Plaintiffs contend that Brashear, Williams, and Jewell had constructive

5    notice of the claims against them, and the key facts revealing their identities were not available to

6    plaintiffs until recently.  Plaintiffs argue that their prior complaints included specific allegations

7    which provided constructive notice to defendants Brashear, Williams, and Jewell, such that they

8    knew or should have known that they could be brought into this lawsuit on claims of excessive

9    force and/or false arrest.  (*See* FAC, Dkt. No. 11; SAC, Dkt. No. 111).  The FAC (and SAC)

10   included allegations that certain unidentified police officers engaged in specific conduct (*e.g.,*

11   jabbing plaintiff Joshua Anderson with batons, hitting plaintiff Tombolesi in the ribcage and chest;

12   jabbing plaintiff Uribe in the legs, stomach, and chest; throwing plaintiff Klinger to the ground,

13   dragging her, and putting her hands in plastic zip-ties).  And, Plaintiffs contend, the other UCPD

14   defendants who were named in the FAC were represented at the time by the same counsel who

15   now represents Williams, Brashear, and Jewell.  The prior complaints also named "Doe"

16   defendants, identified as police officers of the University of California, Berkeley, Alameda County

17   Sheriff's Department, and/or Oakland Police Department who were involved in the actions

18   causing injury to plaintiffs.  (SAC ¶ 69, FAC ¶ 69.)   The FAC alleged that "[a]s specified in detail

19   above, the named defendant police officers and the defendants Does 1-100 used excessive force in

20   carrying out the orders to clear the tents."  (FAC ¶ 484.)

21

22   *(…cont'd)*
     Plaintiffs allege that Williams: jabbed plaintiff Felarca with his baton in the stomach;
23   jabbed plaintiff Anderson in the genitals, and beat and jabbed him at length as he lay prone in
     some bushes; he hit plaintiff Lynch with a forceful overhead strike; rammed plaintiff Mulholland's
24   abdomen with his baton, knocking her to her to the ground; repeatedly hit plaintiff Tombolesi
     even though Tombolesi had fallen to the ground; and repeatedly jabbed plaintiff Uribe with his
25   baton, including hitting Uribe's hand with his baton when Uribe reached out to block the blows
26   being inflicted on another protestor near him.  (TAC ¶¶ 163, 164, 215, 217, 374, 381, 382.)
     Plaintiffs allege that Jewell threw plaintiff Klinger to the ground and dragged her, then put
27   her hands in plastic zip ties and led her to the basement of Sproul Hall with other arrestees,
     thereby falsely arresting and imprisoning plaintiff Klinger.  (TAC ¶¶ 306, 471.)
28

United States District Court
Northern District of California

1    For purposes of the California rule, plaintiffs cannot show that they were unaware of the

2    true identities of Brashear, Williams, and Jewell.  In papers they filed with the Court nearly two

3    years ago, Plaintiffs specifically identified Brashear, Williams, and Jewell in connection with their

4    opposition to a prior motion to dismiss by other defendants.  (Plaintiffs' Oppo., filed October 23,

5    2012, Dkt. No. 67, at 2 n.1.)  Yet plaintiffs chose not to assert any claims against them in the

6    Second Amended Complaint.  Indeed, Plaintiffs later advised the Court that they had no "plans to

7    amend the pleadings" to add *any* additional defendants.  (Joint Case Management Statement, filed

8    May 29, 2013, Dkt. No. 122, at 3.)  It was not until July 11, 2014, that plaintiffs finally decided to

9    name these defendants.  Thus, Doe defendant pleading under section 474 of the California Code of

10   Civil Procedure would not apply here.

11   For purposes of the federal rule, plaintiffs' arguments address only the notice aspect of

12   Rule 15(c)(1)(C)(i), not the requirement in Rule 15(c)(1)(C)(ii) to show that the newly named

13   defendant "knew or should have known that, but for a mistake concerning the identity of the

14   proper party, the action would have been brought against" it.  *G.F. Co. v. Pan Ocean Shipping

15   Co.*, 23 F.3d 1498, 1502 (9th Cir. 1994) (quoting Rule 15); *see also Brooks v. Cmty. Lending, Inc.*,

16   No. 07-4501, 2009 WL 8691109, at *5 (N.D. Cal. Sept. 29, 2009) (even if plaintiff could show

17   notice, she "still would have to satisfy subsection (ii), which requires that the unnamed defendant

18   or defendants 'knew or should have known that the action would have been brought against it, *but

19   for a mistake concerning the proper party's identity*.'")  Even assuming that the defendants here

20   had sufficient notice of the potential claims against them, plaintiffs offer no evidence that these

21   defendants knew or should have known that an action would have been brought against them but

22   for a mistake in their identity.  Fed.R.Civ.P. 15(c)(1)(C)(ii); *cf. Butler*, 766 F.3d at 1203 (no

23   relation back where plaintiff "did not establish that any of the appellees knew or should have

24   known that her lawsuit would have been brought against them but for her mistake").  To the

25   contrary, plaintiffs here have demonstrated that they knew defendants' identities but chose not to

26   name them in the SAC.  Thus, these defendants would have been on notice that their identities

27   were known but plaintiffs chose not to name them, presumably for some strategic reason rather

28   than a lack of knowledge.

1    Based on plaintiffs' failure to establish a basis for relation back under either the California

2 or federal rules, the motion to dismiss the Fourth Amendment claims as to Defendants Brashear,

3 Williams, and Jewell is **GRANTED** on the grounds that the claims against them are barred by the

4 statute of limitations.[4]

5              ***4.      Tucker***

6    Plaintiffs' allegations against Tucker are that he forcefully pushed plaintiff Anderson and

7 other protestors, and that he jabbed and hit plaintiff Uribe with overhand strikes.  (TAC ¶¶ 219,

8 383, 460.)  Plaintiffs contend that they did not discover Tucker's role as an individual who struck

9 certain plaintiffs until they conducted a video analysis in April 2014.  They further contend that

10 they did not ascertain his supervisor role over the officers who used excessive force against

11 several plaintiffs until they coupled the April 2014 video analysis with documents disclosed July

12 8, 2014, and August 7, 2014.  Plaintiffs allege in the TAC that Tucker is liable as an individual

13 and as a supervisor for excessive force in violation of the Fourth Amendment.[5]

14    In opposition to the motion to dismiss on statute of limitations grounds, plaintiffs argue

15 their claims against Tucker are timely under either state or federal relation back rules.  The Court

16 finds that the California relation-back standard permits plaintiffs to name Tucker since they claim

17 he was previously identified as a "Doe" and they were not aware of his true identity sooner.  The

18 FAC alleged that "Does 1 through 100…were directly involved in the actions causing injury to

19 _____

20    [4] Defendants also move to dismiss the First Amendment claim against defendant J.
Williams on these same timeliness grounds, as well as others.  Defendants note with respect to
21 Suezaki, Tucker, and J. Williams that it is unclear whether the TAC intended to name them as
defendants to the First Amendment claim.  (See TAC ¶¶ 3, 434.)
22    The Court's reading of the TAC is that the First Amendment Claim is not alleged against
defendant J. Williams, but only against UC Administrator defendant, Associate Chancellor Linda
23 Williams, nor is that claim alleged against Suezaki and Tucker.  (TAC ¶¶ 429-437.)

24    [5] As stated above, the Court does not read the TAC as alleging a First Amendment claim
against Tucker.  However, the Court notes that the prior iterations of the complaint did not allege
25 liability of Doe defendants for a First Amendment violation.  Thus, a First Amendment claim
against Tucker or others would not relate back under the California rules.  Further, the federal
26 relation back rules would not save a First Amendment claim against Tucker, since plaintiffs offer
no showing that Tucker had notice of the action previously and that he knew or should have
27 known that plaintiffs were mistaken about (rather than ignorant of) his identity.

28

United States District Court
Northern District of California

1  plaintiffs" and "used excessive force in carrying out the orders to clear the tents."  (FAC ¶¶ 69,

2  484.)  Thus, under the California rule, the amendment to add Tucker relates back with respect to

3  the excessive force claim.

4        Turning to the substance of plaintiffs' excessive force allegations against Tucker, the TAC

5  states a plausible claim for his liability both for individual participation in the alleged injuries to

6  plaintiffs and as a supervisor who knowingly refused to terminate and/or acquiesced in the alleged

7  unconstitutional actions of subordinates at the scene.  *See Moss,* 711 F.3d at 967; *Hansen,* 885

8  F.2d at 646.  Moreover, the allegations against Tucker are not subject to dismissal based on

9  qualified immunity on the face of the complaint.  The allegations are sufficient to infer that a

10  reasonable individual, and a reasonable supervisor, in Tucker's position knew or reasonably

11  should have known, based on the facts alleged, that he and his subordinates were engaged in

12  excessive force in violation of the Constitution.  *See Chavez v. United States*, 683 F.3d 1102, 1110

13  (9th Cir. 2012); *Moss,* 711 F.3d at 966; *Starr,* 652 F.3d at 1207.

14        Based on the foregoing, the motion to dismiss the Fourth Amendment claim for excessive

15  force against Tucker is **DENIED**.

16              **5.    *Kasiske***

17        There are no allegations against Kasiske other than simply naming him as a defendant.

18  (TAC ¶ 71.)  He is not identified as a defendant to any cause of action.  Plaintiffs do not oppose

19  his dismissal.  (*See* Oppo, Dkt. No. 297, at 19.)  The motion to dismiss is **GRANTED** as to

20  defendant Kasiske.

21        **D.    MOTION TO DISMISS OF UCPD OFFICERS ODYNIEC, TINNEY, AND WONG**

22        University of California Police Department officers Odyniec, Tinney, and Wong move for

23  dismissal on the grounds that the claims alleged against them for the first time in the TAC were

24  filed outside the two-year statute of limitations.  Like defendants Brashear, Williams, and Jewell,

25  discussed above, Plaintiffs specifically identified defendants Odyniec, Tinney, and Wong as

26  potential defendants in their October 23, 2012 opposition to a prior motion to dismiss.  (Dkt. No.

27  67) at p. 2 n.l).  Plaintiffs expressly identified all three by name and badge number as "present" at

28  the scene, who allegedly "participat[ed] in the use of excessive force."  However, plaintiffs

13

1    thereafter failed to allege any claims against them in their subsequent amended complaint.

2        Because plaintiffs were aware of the identities of these three defendants within the

3    limitations period, but elected not to name them in the complaint, neither the federal rule nor the

4    California rule will permit these new allegations to "relate back" to the filing of a complaint within

5    the limitations period.  Consequently, the motion to dismiss as to defendants Odyniec, Tinney, and

6    Wong is **GRANTED**.  As leave to amend would be futile, no leave is granted.

7                          **MOTION FOR LEAVE TO AMEND**

8        Plaintiffs seek leave to amend the Third Amended Complaint.  Because the procedural

9    background in connection with this motion bears significantly on the Court's view of its propriety,

10   the Court sets forth that background in some detail.

11       The original complaint in this action was filed November 29, 2011.  (Dkt. No. 1.)  After

12   six months in which plaintiffs reviewed documents produced in response to Public Records Act

13   requests, plaintiffs filed a First Amended Complaint in May of 2012.  After motions to dismiss

14   and a motion for leave to amend were granted, plaintiffs filed a Second Amended Complaint in

15   May of 2013.  Several motions to dismiss were filed as to the Second Amended Complaint, and

16   the Court issued orders granting in part and denying in part those motions.  (Dkt. Nos. 179, 180,

17   181, 197, 198.)  At that same time, plaintiffs requested and were granted limited leave to file an

18   amendment to add paragraphs numbered 442a and 447a to their Second Amended Complaint.

19   (See order dated January 17, 2014, Dkt. No. 197, at 15.)  No other leave to amend was granted in

20   connection with any of the rulings on the motions to dismiss.

21       On March 6, 2014, the Court issued a scheduling order setting May 16, 2014, as the last

22   day to join parties or amend pleadings.  (Dkt. No. 205.)  This deadline was later extended to June

23   26, 2014.  (Dkt. No. 211.)  In June 2014, after all parties had given and received extensions from

24   other parties to respond to discovery, the parties stipulated to further extend the deadline to join

25   parties or amend the pleadings to July 10, 2014, which the Court granted.  (Dkt. No. 214.)

26       On July 11, 2014, one day after the twice-extended deadline, Plaintiffs filed their Third

27   Amended Complaint, without first seeking or being granted leave to file an amended complaint.

28   The TAC deleted seven plaintiffs and four defendants, added eighteen new defendants, and added

United States District Court
Northern District of California

1   new claims against defendants previously named.  (Dkt. No. 217.)

2          Over a month later, on August 26, 2014, Plaintiffs filed a motion for leave to amend the

3   TAC to add yet more new claims against three defendants (two of whom were newly-named in the

4   TAC) and five more new defendants.  (Dkt. No. 232.)

5          By order entered September 18, 2014, the Court dismissed and struck the false arrest

6   claims in the TAC against DeCoulode, Garcia, and Obichere, as well as a First Amendment claim

7   against DeCoulode, on the grounds that those claims were previously dismissed without leave to

8   amend, and plaintiffs had offered no justification for adding them back into the TAC.  (Dkt. No.

9   260.)  The Court further denied plaintiffs leave to file a fourth amended complaint at that juncture,

10  without prejudice to a motion establishing a proper basis for any new amendments.  In that

11  September 18, 2014 Order, the Court instructed plaintiffs that, to the extent they sought any

12  additional leave to amend the TAC, they were required to set forth specifically: "(1) the new

13  allegations; (2) the reasons those allegations address the defects identified in any prior order

14  related to claims against the named defendants; (3) the reasons for Plaintiffs' delay in making the

15  allegations; and (4) facts demonstrating that there is good cause for permitting such amendment

16  after the Court's established deadline for amending the complaint." *Id.*

17         On September 23, 2014, Plaintiffs filed the instant Motion for Leave to File the Fourth

18  Amended Complaint. (Dkt. No. 287.)  Plaintiffs' motion identifies the following changes they

19  seek to make:

20         (1) add facts supporting claims of First Amendment violations for formulating and/or

21  carrying out a discriminatory policy against the plaintiffs' speech against defendants Roderick,

22  DeCoulode, and Madigan;

23         (2) add facts supporting claims of First Amendment violations for discriminatory law

24  enforcement actions under the pretext of preventing "camping" against defendants Roderick,

25  DeCoulode, Suezaki, Tucker, J. Williams, Madigan, and Rodrigues;

26         (3) add claims of false arrest against defendants Roderick, DeCoulode, and Madigan; and

27

28

1    (4) add a claim of false arrest against defendant Obichere.[6]

2    Plaintiffs contend that their delay in seeking to make these amendments was due to defendants'

3    failure to provide certain discovery until July 8, 2014, at which time they discovered the reports by

4    UCPD and ACSO did not include information identifying the officers who arrested five of the

5    plaintiffs, as they believed it would.  According to plaintiffs' motion, "[u]pon discovering that the

6    defendants' production did not include the anticipated information July 8, 2014, the plaintiffs

7    conducted a hasty investigation of these and other documents, to ascertain any individual officers

8    who arrested the plaintiffs."  (Mtn. to Amend, Dkt. No. 287, at 4:8-11.)  In addition, with respect

9    to the proposed amendments of the First Amendment claims, plaintiffs contend that facts

10   supporting this claim "only recently came to light as a result of disclosures by defendants on July

11   8 and August 7, 2014."  More specifically, plaintiffs assert that the disclosure of the ACSO

12   Incident Report on July 8, 2014, and the UCPD "Operational Plan" and "Staffing Plan" on August

13   7, 2014, allowed them to identify the individuals who were the commanding officers over the

14   individual defendants who harmed plaintiffs.

15       The Court finds that plaintiffs have not set forth good cause for allowing a late

16   amendment, as required under Rule 16(b)(4).  *See* Fed. R. Civ. P. 16(b)(4); *Coleman v. Quaker*

17   *Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (Rule 16 governs any request to amend made after

18   the deadline in the court's pretrial scheduling order).  Plaintiffs do not establish diligence in

19   seeking to amend.  For instance, although plaintiffs contend that defendants' late disclosures

20   caused their delay, the proposed new allegations concerning the First Amendment claim are not

21   tied to any matter discovered in these alleged late-produced documents.  Leaving aside the

22   questionable sufficiency of the allegations, plaintiffs offer no plausible reason why they could not

23   have made the allegations sooner.  Much of the supposed new information from defendants

24

25       [6]  Plaintiffs also sought to amend the complaint to reflect that Hayden Harrison is no
26   longer a plaintiff to the action, and that they were voluntarily dismissing defendant Officer Zuniga,
     who they understand died in Spring 2012.  The Court **GRANTS** the requests to dismiss Harrison
27   and Zuniga, and deems the TAC amended to so reflect, without need for filing of a new iteration
     of the pleading.
28

United States District Court
Northern District of California

1    appears to have been known or available to plaintiffs before the amendment deadline.  Indeed, the

2    Operational Plan, which plaintiffs claim was not available until August 7, 2014, was specifically

3    referenced in the operative TAC, filed on July 11, 2014.  (TAC ¶¶ 8, 99, 102.)  Information

4    regarding the chain of command, and a listing of all UCPD officers on duty on November 9, 2011,

5    was produced to Plaintiffs as early as March 2012.  (*See* Declaration of LeVale Simpson, Dkt. No.

6    301, ¶¶ 5-6; *see also* Plaintiffs' Oppo., filed October 13, 2012, Dkt. No. 67 at 2 n.1.)  And, most

7    significantly, plaintiffs' motion itself demonstrates that plaintiffs did not act with diligence in

8    identifying arresting officers, since they waited to conduct an investigation of evidence already in

9    their possession until they learned, days before the deadline to amend, that defendants' production

10   did not include such information.  (Motion to Amend, Dkt. No. 287, at 4.)

11         Even if plaintiffs had demonstrated good cause for their delay in seeking to make these

12   amendments, the proposed amendments appear to be futile.  The new allegations plaintiffs seek to

13   add suffer from the same untimeliness issues and the same lack of sufficient allegations of

14   supervisor liability as set forth above, in connection with the Court's rulings on the pending

15   motions to dismiss.  It is well-established that leave to amend may be denied if amendment of the

16   complaint would be futile.  *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).  So,

17   for instance, even if plaintiffs' contention that they did not have sufficient information about the

18   chain of command until recently was true, their conclusory allegations that defendants DeCoulode,

19   Roderick, Madigan, and Rodrigues were "in command" or supervisors are not sufficient to state a

20   claim.

21                                    **MOTION TO SEAL**

22         Defendants DeCoulode, Roderick, Suezaki, Tucker, and J. Williams have a filed a motion

23   to seal Exhibit C to the Declaration of Janine L. Scancarelli in Support of Defendants' Opposition

24   to Plaintiffs' Motion for Leave to Amend the Third Amended Complaint, consisting of an

25   Operational Plan, including a staffing plan, for November 9, 2011, bates numbered UCPD001149

26   to 1160 and produced as "CONFIDENTIAL" in this action pursuant to the Protective Order

27   entered on June 27, 2014.  (Dkt. No. 302.)  Because the document is offered in connection with a

28   non-dispositive motion and defendants have established good cause for sealing, the motion is

United States District Court
Northern District of California

1   **GRANTED**.

2       The documents are **ORDERED SEALED** for purposes of consideration of the motions in

3   connection with which they were submitted *only*.  Should any party wish to seal portions of the

4   documents in connection with any later motion or trial, they will need to make a sufficient

5   showing at that time.

6                                      **CONCLUSION**

7       Accordingly, the Court rules as follows:

8       (1) the excessive force and false arrest claims against Madigan are **DISMISSED**;

9       (2) the false arrest claim against Rodrigues is **DISMISSED**, but the motion to dismiss the

10  excessive force claim against Rodrigues is **DENIED**;

11      (3) the excessive force and false arrest claims are **DISMISSED** as to defendants Brashear,

12  Jewell, Kasiske, Rodrick, Suezaki, and J. Williams, but the motion to dismiss the excessive force

13  claim against Tucker is **DENIED**.

14      (4) the excessive force claims are **DISMISSED** as to defendants Odyniec, Tinney, and

15  Wong;

16      (5) the claims against defendant Mogulof are **DISMISSED**;

17      (6) Plaintiffs' Motion for Leave to File Amended Complaint is **DENIED**.

18      (7)  Defendants' Motion to Seal Exhibit C to the Declaration of Janine L. Scancarelli, filed

19  October 10, 2014, is **GRANTED**.

20      (8) Plaintiff Harrison and defendant Zuniga are voluntarily **DISMISSED** by plaintiffs.

21      This terminates Docket Nos. 264, 282, 283, 285, 287, and 302.

22      **IT IS SO ORDERED.**

23  Dated: December 12, 2014

24  _____

25                      **YVONNE GONZALEZ ROGERS**
                       **UNITED STATES DISTRICT COURT**

26

27

28

                                          18