UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**YVETTE FELARCA, ET AL.**,

    Plaintiffs,

v.

**ROBERT J. BIRGENEAU, ET AL.**,

    Defendants.

Case No. 11-cv-05719-YGR

**ORDER DIRECTING *IN CAMERA* SUBMISSION AND BRIEFING ON ISSUE OF PLAINTIFFS' REPRESENTATION BY RONALD CRUZ**

Plaintiffs have filed their Motion for Summary Judgment including photographic evidence which appeared to the Court to show that Plaintiffs' counsel, Ronald Cruz, was present at the scene, and amongst the plaintiffs, during some parts of the November 9, 2011 protest on which this action is based. (Dkt. No. 391-19.) On the record during the case management before the Court on May 11, 2015, Plaintiffs' counsel confirmed that he was at the scene and his image is in certain photographic and video evidence submitted in support of Plaintiffs' motion.[1]

Local Rule 11-4 requires every member of the bar of this Court and any attorney admitted to practice *pro hac vice* to be familiar and comply with the standards of professional conduct required of members of the State Bar of California. N.D. Civ. L.R. 11-4(a)(1). Under the California Rules of Professional Conduct ("CRC"), Rule 5-210, a member of the bar:

> shall not act as an advocate before a jury which will hear testimony from the member unless:
> **(A)** The testimony relates to an uncontested matter; or
> **(B)** The testimony relates to the nature and value of legal services rendered in the case; or
> **(C)** The member has the informed, written consent of the client.

The comments to Rule 5-210 indicate that it is "intended to apply to situations in which the member knows or should know that he or she ought to be called as a witness in litigation in which

---

[1] Counsel for defendants indicated on the record that they were aware of Cruz's presence at the scene. However, this is the first time, in the greater than three-year period that this action has been pending, that the issue has come to the attention of the Court.

there is a jury."

This rule, referred to as the "advocate-witness rule," "has long been a tenet of ethics in the American legal system, and traces its roots back to Roman Law." *Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1208 (2011) (internal citation omitted). The American Bar Association Model Rules of Professional Conduct also address the "advocate-witness rule," requiring disqualification of an attorney as an advocate at trial where the attorney is "likely to be a necessary witness" unless such disqualification "would work a substantial hardship on the client." *Id.* at 1209 (citing 2007 amendment of ABA Model Rule 3.7).

As explained by the California Court of Appeals in *People v. Donaldson*, 93 Cal.App.4th 916, 927-28 (2001), the advocate-witness rule is necessary, in part, because:

> If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

*Id.* at 927–928 (internal citation omitted). The Comments to ABA Model Rule 3.7 note that the rule is necessary because "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." ABA Model Rule 3.7 [Comment 2].[2] Further, and as noted by the court in *Kennedy, supra*, the interconnected entanglements inherent in being both advocate and potential witness may create an "appearance of impropriety and undermine the integrity of the judicial system." *Kennedy,* 201 Cal.App.4th at 1211. "The very fact of a lawyer taking on both roles will affect the way in which a jury evaluates the lawyer's testimony, the lawyer's advocacy, and the proceedings themselves." *Donaldson,* 93 Cal.App.4th at 928.

The Ninth Circuit has held that the advocate-witness rule is "a necessary corollary to the more fundamental tenet of our adversarial system that juries are to ground their decisions on the

---

[2] *See Kennedy*, 201 Cal. App. 4th at 1210 (looking to ABA Model Rule 3.7 since CRC 1-100 makes Model Rules a source for guidance on proper professional conduct under California law).

2

facts of a case and not on the integrity or credibility of the advocates." *United States v. Prantil*, 764 F.2d 548, 553 (9th Cir. 1985). "[A]dherence to this time-honored rule is more than just an ethical obligation of individual counsel; enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice." *Id.* Thus, courts have applied CRC 5-210 and ABA Model Rule 3.7 to find that an attorney who takes on the the role of a percipient witness should be disqualified. *See Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1210 (2011) (disqualifying counsel in custody proceeding before the court); *Donaldson*, 93 Cal. App.4th at 928 (disqualifying prosecutor in criminal case of child endangerment); *Legacy Villas at La Quinta Homeowners Ass'n v. Centex Homes*, No. EDCV 11-00845 VAP, 2012 WL 1536036, at *7 (C.D. Cal. Apr. 30, 2012) (granting motion to disqualify plaintiff's counsel in breach of fiduciary duty action to be tried by bench trial, where defendant could call counsel as witnesses and their testimony would be relevant to the issues in the case, citing *Kennedy*).

"[T]he court has an independent interest in ensuring trials are conducted within ethical standards of the profession and that legal proceedings appear fair to all that observe them." *In re A.C.,* 80 Cal.App.4th 994, 1001 (2000). Here, the Court has concerns that the photographic and video evidence showing Cruz, on which Plaintiffs rely for their summary judgment motion, is the same evidence that would be presented to a jury. Even if Cruz is not called to testify at trial by any party, the fact that he is a visible part of certain evidence appears likely to blur the line between proper proof by admissible evidence and improper focus on the credibility and integrity of the advocates. Further, at the time of the case management conference, Cruz could not verify on the record that he had obtained written, informed consent from all clients consistent with CRC 5-210.

Under the circumstances as they appear presently, the Court finds it appropriate to **ORDER** as follows:

(1) Plaintiffs' counsel shall submit, *in camera* by direct delivery to the Court only, evidence of counsel's efforts to comply with Rule 5-210 in this matter, including informed, written consent by each client, no later than **Friday, May 15, 2015.** Counsel shall deliver the evidence to be submitted *in camera* to the Clerk of the Court, 1301 Clay Street, Oakland, in a

sealed envelope(s).  The outside of the sealed envelope(s) shall attach a caption page with the statement: **"IN CAMERA SUBMISSION FOR JUDGE YVONNE GONZALEZ ROGERS – NOT TO BE FILED – BY ORDER OF THE COURT"** in 14-point or larger typeface.

(2)   No later than **May 22, 2015**, Plaintiffs' counsel shall file a brief of no more than ten (10) pages setting forth its position on the application of the above rules of professional conduct to their representation in this case and what action, if any, the Court should take to address the issue.

Should any defendant wish to submit a brief addressing this issue, such briefs shall be no more than ten (10) pages and shall be filed no later than **May 22, 2015**.

**IT IS SO ORDERED.**

Dated: May 12, 2015

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**