Russell M. Perry (SBN 246252)
Zachery A. Lopes (SBN 284394)
**RAINS LUCIA STERN, PC**
800 N. Haven Avenue, Suite 360
Ontario, California 91764
Tel: (909) 509-5001
Fax: (909) 509-5015
Email: rperry@rlslawyers.com
zlopes@rlslawyers.com

Attorneys for Defendant
SAMANTHA LACHLER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YVETTE FELARCA, et al., | Case Number: 11-CV-05719 YGR-DMR |
| Plaintiffs, | |
| v. | **DEFENDANT SAMANTHA LACHLER'S BRIEF REGARDING ISSUE OF PLAINTIFFS' REPRESENTATION BY RONALD CRUZ** |
| ROBERT J. BIRGENEAU, et al., | |
| Defendants. | |

Defendant Samantha Lachler hereby submits the following as ordered by this Court. (ECF No. 399.)

Defendant Lachler believes that California Rule of Professional Conduct 5-210 (Rule 5-210) may apply to Mr. Cruz's continued representation of the plaintiffs in this case. Defendant Lachler reserves her right to call Mr. Cruz as a percipient witness. Should plaintiffs seek to introduce photographic or video evidence at trial demonstrating Mr. Cruz's participation in the events at issue in this litigation, Defendant Lachler may seek to call Mr. Cruz as a fact witness to provide testimony as to the actions and events depicted. Defendant Lachler will not question Mr. Cruz as a witness about any uncontested matter. (Rule 5-210(A).) Accordingly, Mr. Cruz must have the informed and written consent of each plaintiff. (Rule 5-210(C).)

Mr. Cruz has long been aware that Defendant Lachler, and all other defendants, may seek testimony from him as a percipient witness. In the Joint Discovery Plan that the parties submitted to the Court on March 5, 2014 (ECF No. 204), defendants stated they may seek to depose Mr. Cruz as a fact witness, and plaintiffs stated they may object to defendants' noticing of Mr. Cruz's deposition.[1]

Counsel for Defendant Lachler deposed all the plaintiffs in this action. In so doing, it became apparent that certain plaintiffs were surprised to learn of Mr. Cruz's presence at the protests of November 9, 2011. During the deposition of

plaintiff Christopher Anderson, on October 23, 2014, plaintiff Anderson was asked to identify individuals depicted in Exhibits 258, 267, and 268. (See, Exhibit A; Decl. of Russell M. Perry, ¶ 2.) In his response, plaintiff Anderson replied in part "I recognize Ronald. He's right there. I didn't know that." (Exhibit A, p. 62: 3-4.) During the deposition of plaintiff Morgan Crawford, on September 24, 2014, plaintiff Crawford was asked to identify individuals depicted in Exhibit 245. (See, Exhibit B; Decl. if Russell M. Perry, ¶ 3.) In response, plaintiff Crawford identified Mr. Cruz, and stated he did not know that Mr. Cruz was present that day. (Exhibit B, p. 88: 2-14.)

Defendant Lachler has not sought to use the advocate-witness rule to disqualify Mr. Cruz as counsel for Plaintiffs. Defendant Lachler, however, does share the Court's concern about Mr. Cruz's representation of plaintiffs should his involvement in the events at issue reach the jury. To be frank, plaintiffs' Memorandum of Points and Authorities in Support of the Motion for Summary Judgment demonstrates a completely inappropriate willingness to blur the line between plaintiffs' specific legal and factual claims here with an envisioned "movement" unconnected to those legal and factual claims, a movement participated in by Mr. Cruz and his law firm. (ECF No. 391.) This includes

---

[1] Defendants in fact did not seek to depose Mr. Cruz.

finding it appropriate to insert an excerpt from an "op-ed" in the New York Times as evidence in support of plaintiffs' claims. (ECF No. 301, p. 17-18.) Specifically, Mr. Cruz and his law firm argue that the protestors of November 9, 2011 "stood together" and "fought for each other" and "had each other's backs" against alleged unlawful use of force. (ECF No. 391, p. 2.) Now, such protestors are "inextricably bound together" in a "movement" which is "needed to win justice." (ECF No. 391, p. 2.) This approach to legal advocacy, together with evidence depicting Mr. Cruz as one of the protestors and therefore "inextricably bound" with the plaintiffs and the "movement...needed to win justice," will undoubtedly impermissibly compel the jurors to consider and weigh the credibility and integrity of Mr. Cruz as an advocate of this "movement," rather than the admissible evidence and governing law alone. This has the potential to severely prejudice Defendant Lachler.

That aside, Defendant Lachler specifically reserves her right to contest any attorneys' fees award sought by plaintiffs' counsel at any later time. (*See, Rodriguez v. Disner,* (9th Cir. 2012) 688 F.3d 645, 654: a district court has broad discretion to deny fees to an attorney who commits ethical violations, and takes into consideration the extent, gravity, and willfulness of the unethical conduct.)

| | | |
|---|---|---|
| 1 | Dated: May 22, 2015 | Respectfully submitted, |
| 2 | | **RAINS LUCIA STERN, PC** |
| 3 | | |
| 4 | | /s/ *Russell M. Perry* |
| | | Russell M. Perry, Esq. |
| 5 | | Zachery A. Lopes, Esq. |
| | | Attorneys for Defendant Samantha Lachler |