UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**YVETTE FELARCA, ET AL**,

    Plaintiffs,

    v.

**ROBERT J. BIRGENEAU, ET AL.**,

    Defendants.

Case No.  11-cv-5719- YGR

**PRETRIAL ORDER NO. 1 RE: TRIAL SETTING AND INITIAL MOTIONS**

**TO ALL PARTIES AND COUNSEL OF RECORD:**

1. **Trial Date and Schedule:**  The trial of this matter is confirmed to proceed in Courtroom 1.  Jury Selection shall begin at beginning at 9:30 a.m. on Tuesday, November 1, 2016.  All remaining trial days shall begin at 8:30 a.m.  Counsel shall arrive in court early enough to proceed promptly at 8:30 a.m.  Trial schedule will be Monday through Thursday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks.

2. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court, either at 8:00 a.m. each trial day morning or at the conclusion of the trial day and/or the Court's standing calendars which occur on Mondays, Tuesdays and Thursdays.  Fridays may also be required.  Sidebars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

3. The Court sets the next pre-trial conference for **April 15, 2016**, at 9:30 a.m.  Subsequent conference(s) will be scheduled later.  Parties shall comply with this Court's standing order regarding pretrial requirements in civil cases ("Standing Order"), unless otherwise noted herein.

4. **Standard Motions *in Limine*:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). Any motion which is not **specific** in the relief sought and overbroad will be summarily denied.

5. **Trial Evidence - Exhibits**

   a. By **March 14, 2016**, each party shall file an Exhibit List which complies with the Standing Order ¶ 3.d and ¶ 6.a. The Exhibit List shall include a column which identifies whether the party believes the exhibit is identified for precautionary reasons.

   b. By **March 28, 2016**, the parties shall meet and confer regarding the admissibility of each such exhibit, including at least one *in person meeting* by lead trial counsel. Parties should make all reasonable efforts to stipulate to the authenticity and/or admissibility in compliance with Standing Order ¶ 6.b.

   c. By **April 11, 2016**, the parties shall file a Joint Exhibit List which shall include (i) any joint exhibits and (ii) each party's separate exhibit list showing those to which the parties have stipulated and/or object.

   d. Objections shall be limited to the relevant Evidence Code section. Parties may use a Key to assist with any cumbersome objection designations.

   e. By **April 11, 2016**, each party may also file a brief, not to exceed 8 pages, which describes the nature of the evidentiary objections. A party may also include representative samples demonstrating the nature of the dispute.

6. **Trial Evidence - Witnesses**
   a. By **April 8, 2016**, the parties shall each file a Witness List and an Expert Witness List which complies with the Standing Order ¶¶ 3.b and 3.c.
   b. *Daubert* motions, if any, shall be filed no later than **April 26, 2016**, on a regular 35-day noticed schedule.

7. **Trial Evidence - Discovery Excerpts**
   a. By **June 1, 2016,** the parties shall exchange deposition and discovery excerpts in compliance with Standing Order ¶ 3.e. and then meet and confer as set forth therein.
   b. Any disputed designations shall be filed no later than **July 1, 2016**.
   c. A video deposition may only be shown after the designations, counter-designation and objections are resolved. A transcript shall be provided of the portions played to the jury. The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall deliver to the court reporter that portion of the transcript used during the trial *on the same day it was played*.

8. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or evidentiary sanctions.

IT IS SO ORDERED.

Dated: January 27, 2016

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE