UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YVETTE FELARCA, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROBERT J. BIRGENEAU, ET AL.,**<br><br>Defendants. | Case No.  11-cv-05719-YGR<br><br>**ORDER REGARDING PLAINTIFFS'**<br>**ATTORNEY RONALD T. CRUZ** |

After the Court's review of certain evidence submitted in connection with Plaintiffs' now-withdrawn Motion for Summary Judgment which revealed the Plaintiffs' counsel, Ronald T. Cruz, was a percipient witness to some of the key events at issue in this litigation, the Court ordered that Plaintiffs' counsel submit evidence that they had complied with Rule 5-210 of the California Rules of Professional Conduct ("CRC") with respect to their representation of all plaintiffs herein, as well as briefing concerning the propriety of their representation.  (Order Directing In Camera Submission And Briefing on Issue of Plaintiffs' Representation by Ronald Cruz, Dkt. No. 399.) The other parties to the action were also permitted to file briefs concerning the issue.  The Court has reviewed the submissions carefully and now issues its order on this matter, as set forth herein.

Local Rule 11-4 requires every member of the bar of this Court and any attorney admitted to practice *pro hac vice* to be familiar and comply with the standards of professional conduct required of members of the State Bar of California.  N.D. Civ. L.R. 11-4(a)(1).  Rule 5-210, provides that a member of the bar:

shall not act as an advocate before a jury which will hear testimony from the member unless:

(A) The testimony relates to an uncontested matter; or

(B) The testimony relates to the nature and value of legal services rendered in the case; or

(C) The member has the informed, written consent of the client.

The comments to Rule 5-210 indicate that it is "intended to apply to situations in which the member knows or should know that he or she ought to be called as a witness in litigation in which there is a jury." This rule, referred to as the advocate-witness rule, "has long been a tenet of ethics in the American legal system, and traces its roots back to Roman Law." *Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1208 (2011) (internal citation omitted). The American Bar Association Model Rules of Professional Conduct also address the advocate-witness rule, requiring disqualification of an attorney as an advocate at trial where the attorney is "likely to be a necessary witness" unless such disqualification "would work a substantial hardship on the client." *Id.* at 1209 (citing 2007 amendment of ABA Model Rule 3.7).

As explained by the California Court of Appeals in *People v. Donaldson*, 93 Cal.App.4th 916, 927-28 (2001), the advocate-witness rule is necessary, in part, because:

If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

*Id.* at 927–928 (internal citation omitted). The Comments to ABA Model Rule 3.7 note that the rule is necessary because "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." ABA Model Rule 3.7 [Comment 2].[1] Further, and as noted by the court in *Kennedy, supra*, the interconnected entanglements inherent in being both advocate and potential witness may create an "appearance of impropriety and undermine the

---

[1] *See Kennedy*, 201 Cal. App. 4th at 1210 (looking to ABA Model Rule 3.7 since CRC 1-100 makes Model Rules a source for guidance on proper professional conduct under California law).

2

integrity of the judicial system." *Kennedy,* 201 Cal.App.4th at 1211. "The very fact of a lawyer taking on both roles will affect the way in which a jury evaluates the lawyer's testimony, the lawyer's advocacy, and the proceedings themselves." *Donaldson,* 93 Cal.App.4th at 928.

The Ninth Circuit has held that the advocate-witness rule is "a necessary corollary to the more fundamental tenet of our adversarial system that juries are to ground their decisions on the facts of a case and not on the integrity or credibility of the advocates." *United States v. Prantil*, 764 F.2d 548, 553 (9th Cir. 1985). "[A]dherence to this time-honored rule is more than just an ethical obligation of individual counsel; enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice." *Id.* Thus, courts have applied CRC 5-210 and ABA Model Rule 3.7 to find that an attorney who takes on the role of a percipient witness should be disqualified. *See Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1210 (2011) (disqualifying counsel in custody proceeding before the court); *Donaldson*, 93 Cal. App.4th at 928 (disqualifying prosecutor in criminal case of child endangerment).[2] Further, "the court has an independent interest in ensuring trials are conducted within ethical standards of the profession and that legal proceedings appear fair to all that observe them." *In re A.C.,* 80 Cal.App.4th 994, 1001 (2000).

Here, Plaintiffs' attorney Ronald T. Cruz acknowledges that he was a participant in the events of the November 9 protest and can be seen in videos and still photographs depicting the events in the afternoon, standing next to or steps from many of the Plaintiffs. Defendants have indicated that they may elect to call Cruz as a percipient witness, depending upon other evidence presented to the jury. To the extent that Cruz is depicted in any video or photographic material that Plaintiffs present to a jury, the defendants may seek to introduce additional material including Cruz's testimony about the actions and events depicted. Indeed, defendants identified Cruz in

---

[2] A district court must defer to the California Court of Appeal's interpretation of California law unless it is convinced that the California Supreme Court would decide the matter differently. *See California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1099 (9th Cir. 2003) (citing cases). Thus, the Court finds the district court's decision in *Real Estate Training Int'l, LLC v. Nick Vertucci Companies, Inc.*, No. SACV140546AGDFMX, 2015 WL 5072002, at *2 (C.D. Cal. Aug. 14, 2015) concerning the attorney-witness rule distinguishable on both its facts and the basis for its legal analysis.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    their Rule 26 disclosures as a person likely to have discoverable information about the events at

2    issue in the case.

3           Even if Cruz is never called to testify at trial by any party, the fact that he is a visible part

4    of certain evidence could blur the line between proper proof by admissible evidence and improper

5    focus on the credibility and integrity of the advocates.  The evidence submitted by Plaintiffs'

6    counsel indicates that plaintiffs did not give their written consent to the potential conflict *prior* to

7    the date when the Court raised this issue.  (*See* Dkt. No. 412-2, declarations dated May 13, 14, and

8    15, 2015.)  The testimony of at least two plaintiffs, Christopher Anderson and Morgan Crawford,

9    indicates that only learned for the first time at their depositions that Cruz was part of the group of

10   protestors gathered that afternoon on Sproul Plaza, as depicted in the videos and still photographs

11   used in their questioning.  (*See* Declaration of Russell M. Perry, Dkt. No. 411, ¶¶ 2, 3, Exh. A and

12   B.)  The potential conflict apparently had not been disclosed to them until the litigation was well

13   underway.

14          As stated above, the Court has the authority and discretion to order that Cruz withdraw

15   from the representation.  *See Kennedy,* 201 Cal. App. 4th 1197, 1210 (2011) (disqualifying

16   counsel in custody proceeding before the court); *Donaldson*, 93 Cal. App.4th at 928.  However,

17   having carefully considered the circumstances here, the Court will not require Cruz's complete

18   withdrawal.  Instead the Court orders that Cruz's role will be restricted in order to preserve the

19   integrity of the process while avoiding prejudice to Plaintiffs and their stated choice of counsel.

20   The Court finds that the appropriate measure is to treat Cruz as a potential witness for trial

21   purposes and therefore preclude Cruz from being present in the courtroom in the presence of the

22   jury except to the extent that he is called to testify in the litigation.  Only by taking this measure

23   can the Court assure that jurors will not be confused or tainted by Cruz's dual role as an advocate

24   and a witness present at the events in question.  This measure is necessary to safeguard both the

25   fairness and the *appearance* of fairness in the proceedings.  *See Kennedy*, 201 Cal. App. 4th at

26   1210; *Donaldson*, 93 Cal. App.4th at 928; *In re A.C.,* 80 Cal.App.4th at 1001.

27          Given the entry of seasoned counsel, Cruz's lack of trial experience, and a fast-

28   approaching trial date in nine months, these measures will impose no substantial hardship upon

4

Plaintiffs.  The Court's order will allow Cruz to continue to work on the written submissions in the case, to argue motions outside the presence of the jury, and participate in trial preparations outside presence of the jury.

      **IT IS SO ORDERED.**

Dated: February 3, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**

United States District Court
Northern District of California