United States District Court
Northern District of California

1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9

10

**YVETTE FELARCA, ET AL.,**

Plaintiffs,

v.

**ROBERT J. BIRGENEAU, ET AL.,**

Defendants.

Case No.  11-cv-05719-YGR

**ORDER DENYING PLAINTIFFS' "2ND MOTION FOR LEAVE TO AMEND THE THIRD AMENDED COMPLAINT"**
**(DKT. 394)**

11

12

13

14

15

16          Pending before the Court is Plaintiffs' "2nd Motion for Leave to Amend the Third

17   Amended Complaint." (Dkt. No. 394, "Instant Motion".)  Having carefully reviewed the papers,

18   pleadings, and record in this case, and for the reasons set forth herein, the Court **DENIES** the

Instant Motion.[1]

19

20   **I.      PROCEDURAL HISTORY RELEVANT TO THE INSTANT MOTION**

21          **A.      Prior Orders Regarding Amendment**

22          The procedural history of Plaintiffs' attempts to amend their complaint, and particularly to

23   amend the Third Amended Complaint, is lengthy but necessary to understand the context of the

24   decision herein.  Many of the details are set forth in this Court's prior order of December 12, 2014,

25   which denied one of Plaintiffs' prior motions for leave to amend.  (Dkt. No. 344.)  In brief,

26   Plaintiffs' original complaint in this action was filed November 29, 2011.  Plaintiffs were

27

28

---

[1] Due to an administrative oversight, the Court's issuance of its ruling on the Instant Motion was delayed.  However, the Court's decision on the parties' cross-motions for summary judgment is unaffected by its ruling on the Instant Motion.

United States District Court
Northern District of California

1   permitted to amend their original complaint after having been granted six months to review

2   documents produced in response to their Public Records Act requests.  They were given several

3   opportunities to amend their complaint thereafter.  They were also granted several extensions of

4   their deadline to amend the pleadings.

5         On July 11, 2014, one day after the deadline to amend the pleadings, and without seeking

6   leave by motion or stipulation to file an amended complaint, Plaintiffs filed their Third Amended

7   Complaint, adding eighteen new defendants and new claims against existing defendants.  (Dkt.

8   No. 217.)  Over a month after that, Plaintiffs filed a motion to add more new claims and

9   defendants to the Third Amended Complaint, without addressing the claims they had added in the

10  Third Amended Complaint without leave.  (Dkt. No. 232.)

11        By order issued September 18, 2014, the Court dismissed and struck the certain claims in

12  the Third Amended Complaint, some for failure to allege a claim and some because they were

13  previously dismissed without leave to amend by the Court and Plaintiffs had added them into this

14  later pleading without justification.  In that same order, the Court denied Plaintiffs' motion for

15  leave to file a Fourth Amended Complaint without prejudice for failure to set forth a proper basis

16  for the motion, and directed them to file any new motion for leave to amend no later than

17  September 23, 2014.  (Dkt. No. 260.)

18        On September 23, 2014, Plaintiffs filed a second Motion for Leave to File Fourth

19  Amended Complaint. (Dkt. No. 287.)  By its order issued December 12, 2014, the Court again

20  found that the Plaintiffs had failed to set forth good cause for allowing an untimely amendment as

21  required by FRCP 16(b)(4), further noting that the proposed amendments appeared to be futile.

22  (Dkt. No. 344.)

23        **B.**    **The Instant Motion**

24        The Instant Motion was filed May 6, 2015, two days after Plaintiffs filed their (later

25  withdrawn) Motion for Summary Judgment (Dkt. No. 391.)  Thus, the Instant Motion is, in truth,

26  Plaintiffs' fourth attempt to file a Fourth Amended Complaint.  The motion was filed nearly five

27  months after the Court denied the prior motion for leave to amend that complaint, and nearly six

28  months after the close of non-expert discovery.

United States District Court
Northern District of California

1    On May 11, 2015, the Court held a case management conference with the parties,

2  addressing a number of issues, including the Instant Motion.  The Court set a briefing schedule for

3  Defendants' oppositions and Plaintiffs' reply.  All Defendants filed oppositions timely, on May

4  20, 2015.  Plaintiffs failed to file a timely reply and the Court denied Plaintiffs' late-filed request

5  for an extension of that deadline for lack of good cause.  (Dkt. No. 430.)

6  **II.    DISCUSSION**

7    The Instant Motion seeks leave to amend to: (1) remove parties previously dismissed; (2)

8  "remove" claims against certain defendants; and (3) add excessive force claims against previously

9  named defendants "based on the completion of plaintiffs' investigation after the closing of

10  discovery."  (Dkt. No. 394 at 2.)  As to the first objective, the motion is unnecessary.  As to the

11  second, the appropriate manner for Plaintiffs to dismiss a claim voluntarily is not filing a motion

12  for leave to amend, as Plaintiffs apparently understand.  (*See* Dkt. No. 398, Notice of Voluntary

13  Dismissal by Plaintiffs Hayden Harrison and Dan Wilbur.)

14    Finally, Plaintiffs request to add new claims by Plaintiffs McDonald, Helm, and Escobar,

15  against Defendants Armijo, Obichere, Rodrigues, and Tejada.  As to each, they indicate that the

16  plaintiff was unable to identify which officer struck them when they testified in their depositions,

17  but that they subsequently reviewed the evidence with their counsel and can now identify the

18  officers or say that they fit the description of the officers who assaulted them.

19    Because the Court established a deadline for amending the pleadings, Rule 16 governs any

20  amendments to the complaint. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.

21  2000).  Rule 16(b) provides that a scheduling order may be modified only upon a showing of

22  "good cause." Fed. R. Civ. P. 16(b)(4).  The good cause standard primarily considers the diligence

23  of the party seeking the amendment.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

24  608-09 (9th Cir. 1992).  If a party meets the good cause standard under Rule 16, the Court may

25  then consider whether leave to amend should be granted pursuant to Rule 15(a).  And while leave

26  to amend under that rule is liberally granted, the Court still must evaluate whether there has been

27  undue delay, bad faith, or a dilatory motive; repeated failure to cure deficiencies; prejudice to the

28  defendant; or if the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

3

United States District Court
Northern District of California

1    Here, Plaintiffs have not set forth good cause for permitting leave to amend pursuant to

2  Rule 16(b)(4).  They have not acted diligently in seeking leave to amend.  While they suggest that

3  they did not have the information on which they now seek to amend the complaint, the record

4  indicates otherwise.  The evidence upon which Plaintiffs say they base their new identifications of

5  the officers involved was provided to them six months to a year before they filed the motion.

6    Further, taking into consideration the factors set forth in *Forman* relative to Rule 15(a),

7  Plaintiffs' delay is not adequately explained and follows repeated failures to comply with this

8  Court's deadlines and opportunities to cure the deficiencies in the pleadings.  And, while steps

9  could be taken to minimize prejudice to Defendants arising from the addition of new claims after

10  the conclusion of discovery, the protracted nature of these proceedings and the long history of

11  Plaintiffs' lack of care in stating their claims strongly counsels denial of the motion at this late

12  stage in the proceedings.

13    The Instant Motion is, therefore, **DENIED**.

14    However, Plaintiffs' request in the motion to dismiss the claim of Christopher Anderson

15  against Deputy Armijo and to dismiss the claim of Colleen Young against Wilson is **GRANTED**.

16    This terminates Docket No. 394.

17    **IT IS SO ORDERED.**

18  Dated: February 24, 2016

19  _____

20    **YVONNE GONZALEZ ROGERS**
     **UNITED STATES DISTRICT COURT**

21

22

23

24

25

26

27

28

4