UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE FELARCA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROBERT J. BIRGENEAU, et al.,<br><br>    Defendants. | Case No.: 4:11-cv-05719-YGR<br><br>**ORDER GRANTING STIPULATION RE STAY OF ACTION PENDING RESOLUTION OF APPEALS; SETTING STATUS HEARING** |

Plaintiffs and Defendants Sgt. Rodrigues, Sgt. Wilson, Officer Armijo, Officer Buckhout, Officer Buschhueter, Officer Garcia, and Officer Obichere of the Alameda County Sheriff 's Office (hereinafter collectively "ACSO Defendants"), by and through their respective attorneys, and pursuant to Local Rules 6-2 and 7-12, submit this stipulation and proposed order.

**RECITALS**

1.  On January 5, 2016, the Court heard oral argument on the parties' respective motions and cross-motions for summary judgment. At that hearing, a trial date of November 7, 2016 was assigned. Civil Minutes were issued reflecting the trial date, the jury selection date of November 1, 2016, and other pre-trial deadlines. (Dkt. No. 509.)

2.  On January 27, 2016, the Court issued its Order Granting in Part and Denying in Part Motions for Summary Judgment. (Dkt. No. 512.)

3.  On January 27, 2016, the Court issued Pretrial Order No. 1 Re: Trial Setting and Initial Motions. (Dkt. No. 513.) Said Order sets a pre-trial conference for April 15, 2016 and sets certain deadlines in March and April, 2016 pertaining to obligations to meet-and-confer and file Trial Exhibits lists and Trial Witnesses lists.

4.  On February 3, 2016, the Court issued its Order Regarding Plaintiffs' Attorney

1  Ronald T. Cruz. (Dkt. No. 514.)

2      5.    On February 24, 2016, the Court issued its Order Denying Plaintiffs "2nd Motion for
3  Leave to Amend the Third Amended Complaint." (Dkt. No. 515.)

4      6.    On February 24, 2016, the Court issued its Order Granting in Part Administrative
5  Motions to Seal and Denying Administrative Motion to Seal. (Dkt. No. 516.)

6      7.    On February 24, 2016, the Court issued its Amendment to January 27, 2016 Order
7  Granting in Part and Denying in Part Motions for Summary Judgment. (Dkt. No. 517.)

8      8.    On February 24, 2016, Defendant Samantha Lachler filed her Notice of Appeal to the
9  Ninth Circuit. (Dkt. No. 518.)

10     9.    On February 24, 2016, Defendants Robert J. Birgeneau, George Breslauer, Mitchell
11 Celaya, Marc DeCoulode, Claire Holmes, Harry Le Grande, Eric Tejada, Andrew Tucker, and Linda
12 Williams filed their Notice of Appeal to the Ninth Circuit. (Dkt. No. 519.)

13     10.    On February 25, 2016, the United States Court of Appeals for the Ninth Circuit issued
14 its Time Schedule Orders. Appellants' opening briefs are due on June 3, 2016. (Dkt. Nos. 521, 522.)

15     11.    Proper appeal from denial of qualified immunity automatically divests the court of
16 jurisdiction to proceed with trial (as to appellants only.) *Chuman v. Wright*, 960 F.2d 104, 105 (9th
17 Cir. 1992).

18     12.    Thus, as it stands now, Plaintiffs and the Alameda County Defendants are the only
19 parties set to proceed to trial on November 1, 2016 and are the only parties obligated to comply with
20 the existing, and future, pre-trial and trial instructions and procedures pursuant to the Court's Orders
21 and its Standing Order Re: Pre-Trial Instructions in Civil Cases (updated 2/9/16).

22     13.    Proceeding to trial with some of the Defendants absent, and participating in pre-trial
23 preparations such as designation of exhibits, witnesses, Motions in Limine, jury questionnaires, jury
24 instructions, etc., would result in unnecessary duplication and likely confusion of the jury. The
25 appellant defendants would likely be called to testify at trial in the first instance before the resolution
26 of their appeals, and again in the event that trial proceeds after resolution of the appeals. Plaintiffs
27 and the ACSO Defendants would testify at trial in the first instance, and would be called to testify at
28 trial again after resolution of the appeals, if necessary. Many of the same witnesses would likely be

1  called to testify at both trials; expert witnesses would likely be called to testify twice. Evidentiary

2  rulings in the first instance could have an impact on the appellant defendants in a subsequent trial, if

3  necessary.

4       14.    To proceed with the trial, and pre-trial preparation, as between Plaintiffs and the

5  ACSO Defendants before resolution of the pending appeals by the UC Defendants would result in a

6  gross waste of time, expense, taxpayer funds, and judicial resources.

7       15.    Plaintiffs and the ACSO Defendants suggest that a Case Management Conference be

8  set for a date between now and the initial briefing in the Ninth Circuit Court of Appeals to monitor

9  the status of the appeals.

10  **STIPULATION**

11  Therefore, the Parties respectfully request the Court to VACATE its Pre-Trial Order No. 1

12  (Dkt. No. 513) and to STAY the entire action as to all parties pending resolution of the Ninth Circuit

13  appeals filed by the UC Defendants.

**ORDER**

15  Pursuant to the above Stipulation, the Court **ORDERS** as follows:

16  (1) all pretrial dates are **VACATED** and the action is **STAYED** pending resolution of the appeals

17  filed by Defendants Robert J. Birgeneau, George Breslauer, Mitchell Celaya, Marc DeCoulode,

18  Claire Holmes, Harry Legrande, Eric Tejada, Tucker, Linda Williams (Dkt. No. 519), and Defendant

19  Samantha Lachler (Dkt. No. 518).

20  (2) the Court Sets a status hearing for **January 13, 2017**, at 9:01 a.m.  The parties shall file a

21  joint statement reporting on the status of the appeals no later than **January 6, 2017**.  If the statement

23  is filed timely, no appearance will be required.

24  **IT IS SO ORDERED.**

26  Dated: March 7, 2016

                                        **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT JUDGE**